THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RICHARD BUGG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MINDY BENSON, President of the Southern Utah University, KEVIN PRICE, Assistant Vice President, Human Resources, JON ANDERSON, Provost, JAKE JOHNSON, Title IV Coordinator, BRIAN SWANSON, Chair of the Department of Theatre, Dance & Arts Administration, SHAUNA MENDINI, Dean of Department of Theatre, Dance & Arts Administration, and DOES 1-25,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING AMENDED MOTION TO SEAL PREVIOUSLY FILED DOCUMENT<br><br>Case No.4:22-cv-00062 - DN<br><br>District Judge David Nuffer |

**BACKGROUND[1]**

This case involves a dispute between a professor ("Professor") and officials of the university which employs him ("University"). The Professor is opposed to the University's sanctions for his refusal to address a student by their preferred non-binary plural pronouns. The sanctions also prospectively require the Professor to honor any and every request for personal pronouns that any student may make of him, though with no limit to what those pronouns might be.

In the administrative proceedings below, the University's officials strenuously emphasized to counsel for the Professor that all student names should be kept confidential to the

---

[1] Amended Complaint, docket no. 6, filed August 31, 2022; Motion to Seal Previously Filed Document ("Motion to Seal"), docket no. 17, filed September 6, 2022; Amended Motion to Seal Previously Filed Document ("Amended Motion to Seal"), docket no. 21, filed September 8, 2022.

maximum extent possible to provide a safe environment for all students and one where students are unafraid of steeping forward with complaints under Title IX.

Since the identity of the two students who initiated the complaints against the Professor is irrelevant to the proceedings in this Court, the Professor did not see any reason to force the students, even though adults, to be subjected to the possibility of unnecessary harassment, and, for that reason, did not identify the students in his Complaint to protect them while this case goes forward.

Counsel for the Professor did not notice that one of the exhibits (Exhibit B) which was at the end of the original Complaint[2] twice stated the name of one of the students in question. Counsel immediately filed an Amended Complaint, identical in all respects to the original Complaint, except that the name of the student in the exhibit in question was redacted. Counsel filed a formal Motion to Seal[3] the original Complaint which was denied,[4] and then filed this Amended Motion to Seal Previously Filed Document.

## DISCUSSION

Several errors have occurred in the initial stages of this case. First, the individual who counsel admits need not be named was named. Second, redaction was not done in the first instance.[5] Third, the exhibits to the Complaint (and Amended Complaint) were filed *en masse* and not as separate documents which would have allowed the individual exhibit to be sealed after the error was discovered.[6]

---

[2] Exhibits to Amended Complaint at 6-8, docket no. 6-1, filed August 31, 2022.

[3] Motion to Seal, docket no. 17.

[4] Docket Text Order Denying Motion to Seal, docket no. 20, filed September 8, 2022.

[5] *See* DUCivR 5.2-1(a).

[6] *District of Utah CM/ECF and Efiling Administrative Procedures Manual*, II. E.

However, counsel has done their best to remedy the errors, as stated previously. "The common-law right of access to judicial records is 'not absolute,' and [a court] may seal documents if the public's right of access is outweighed by competing interests."[7] The public's right of access to the information in the Complaint has not been hindered because the alteration was minuscule: a redaction of two words.

## ORDER

Therefore, Plaintiff's Amended Motion to Seal Previously Filed Document[8] is hereby GRANTED. The Complaint will remain sealed.

Signed September 19, 2022.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[7] *Suture Express, Inc. v. Owens & Minor Distribution, Inc.*, 851 F.3d 1029, 1046-7. (10th Cir. 2017).

[8] Amended Motion to Seal, docket no. 21.