IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD BUGG,<br><br>　　　　Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT |
| v. | Case No. 4:22-cv-00062-DN-PK |
| MINDY BENSON, et al., | District Judge David Nuffer |
| 　　　　Defendants. | Magistrate Judge Paul Kohler |

Before the Court is Plaintiff's Motion for Leave to File Fourth Amended Complaint.[1] For the reasons discussed, the Court will deny the Motion.

I.  BACKGROUND

This case arose after a tenured Southern Utah University ("SUU") professor refused to use a non-binary student's preferred pronouns when addressing him or her in class. The student's demand was made pursuant to a University policy which school officials used to require professors to address students by whatever personal pronouns the student insisted upon. Professor Bugg offered to address the student by his or her name or by traditional singular pronouns of the student's choice. However, the student filed a complaint with the Title IX office and SUU's administration advised that failure to follow the student's demands would "result in severe discipline including the professor's dismissal, among other possible sanctions."[2] Professor

---

[1] Docket No. 44, filed August 11, 2023.

[2] Docket No. 42 ¶ 2.

1

Bugg was allegedly sanctioned four times for failure to comply.[3] He seeks damages against several SUU officials for violating his civil rights under 42 U.S.C. § 1983.

Plaintiff filed his original complaint on August 30, 2022.[4] Since that time, Plaintiff has been allowed to amend his complaint three times.[5] He now seeks leave to file a fourth amended complaint. Plaintiff seeks to amend his second and fifth claims for relief to add two new legal theories. Specifically, Plaintiff seeks to add a claim under the First Amendment asserting that Defendants have improperly allowed private citizens to restrict his speech. Plaintiff also seeks to add a request for declaratory judgment, seeking a declaration from the Court that the sanctions imposed on him were not required or authorized by Title IX. Defendants oppose, arguing that Plaintiff's Motion is untimely, unjustified, fails to cure deficiencies, and futile.

## II. DISCUSSION

Once a party has amended his pleading once as a matter of course, he must seek leave of court or written consent of the adverse party to further amend his pleading.[6] "The court should freely give leave when justice so requires."[7] When considering whether to allow an amendment to a complaint, courts consider several factors including undue prejudice to the defendant, undue or inexplicable delay, bad faith or dilatory motive, futility of amendment, and failure to cure deficiencies by amendments previously allowed.[8]

---

[3] *Id.* ¶ 20.

[4] Docket No. 2.

[5] Docket Nos. 6, 27, 42.

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*

[8] *Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

It is well settled in the Tenth Circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.[9] When a party seeking amendment "knows or should have known" of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial for undue delay.[10] Courts have appropriately denied motions to amend when it appears that the plaintiffs are using Rule 15 to make the complaint "a moving target,"[11] to "salvage a lost case by untimely suggestion of new theories of recovery,"[12] or to present "theories seriatim in an effort to avoid dismissal."[13]

Here, Plaintiff provides little reason to support the timing of his Motion. Plaintiff argues that it was appropriate to wait until the close of fact discovery to seek leave to amend. However, as Plaintiff recognizes in his Reply, his proposed amendments add no new facts that came to

---

[9] *Rowley v. Morant*, 631 F. App'x 651, 655–56 (10th Cir. 2015); *see also Shifrin*, 483 F. App'x at 451 (citing *Frank*, 3 F.3d at 1365–66).

[10] *Frank*, 3 F.3d at 1366 (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)); *see also Leatherwood v. Rios*, 705 F. App'x 735, 740–41 (10th Cir. 2017) (the district court did not abuse its discretion in denying plaintiff's motion to amend because plaintiff "named another DOC official in his initial and first amended complaints, demonstrating that he believed from the start that the DOC was a participant in the alleged conspiracy to deprive him of his constitutional rights"); *Woolsey v. Marion Lab'ys, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (the court specifically noted that no new evidence that was unavailable at the original filing had come to plaintiff's attention); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (citing *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 791, 800 (10th Cir. 1998)).

[12] *Id*. (citing *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001)).

[13] *Id*. (citing *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.")).

light during discovery.[14] Instead, the amendments introduce new legal theories that would have, or should have, been known to Plaintiff at the outset. Plaintiff provides no reason he could not have raised these theories in his original complaint or his successive amendments. Thus, this factor weighs against amendment.[15] Nevertheless, courts within the Tenth Circuit have not denied amendment based solely on undue delay where, as here, the Motion was filed before the deadline set out in the scheduling order.[16] Therefore, Plaintiff's inadequately explained delay does not necessarily require denial of the Motion.

Defendants argue they will suffer prejudice if the Complaint is amended. While "a need to reopen discovery, [or] a delay in proceedings . . . are indicators of prejudice,"[17] "[c]ourts typically find prejudice only when the amendment unfairly affects the [nonmoving party] 'in terms of preparing their defense to the amendment.'"[18] Here, Plaintiff seeks to inject two new legal theories into this case that have not been presented previously. Allowing such claims would significantly alter the scope of this case. Defendants have relied on Plaintiff's previous

---

[14] Docket No. 46, at 2–3.

[15] *See Woolsey*, 934 F.2d at 1462 (affirming denial of leave to amend where justification was that counsel discovered an additional cause of action).

[16] *Stenulson v. ROI Sols., LLC*, No. 2:20-cv-00614-DBB-JCB, 2021 WL 6125838, at *4 n.34 (D. Utah Dec. 28, 2021) (collecting cases); *but see US Magnesium, LLC v. ATI Titanium LLC*, No. 2:17-cv-00923-HCN-PMW, 2020 WL 2616212, at *2 (D. Utah May 22, 2020) (finding amendment untimely even though the motion was "timely under the operative scheduling order" because the movant knew or should have known of the relevant facts supporting the new legal theory).

[17] *US Magnesium, LLC*, No. 2:17-cv-00923-HCN-PMW, 2020 WL 2616212, at *2.

[18] *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

complaints to shape their discovery process. Adding new theories at this juncture, after the close of fact discovery, would be unfairly prejudicial.[19]

In addition to being untimely and prejudicial, the Court's opinion is that Plaintiff's proposed amendment to his fifth cause of action is futile. A court may deny a motion for leave to amend when it would be futile.[20] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.[21]

Plaintiff seeks to amend his fifth cause of action to seek a declaration that the sanctions imposed upon him were neither required nor authorized by Title IX. However, Title IX does not require that schools "must engage in particular disciplinary action," but only in a manner that is not clearly unreasonable.[22] School administrators enjoy considerable flexibility and "courts should refrain from second-guessing the disciplinary decisions made by school administrators."[23] Because Title IX does not circumscribe the possible disciplinary actions available, Plaintiff cannot succeed on his claim that the sanctions imposed on him were not required or authorized.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Fourth Amended Complaint (Docket No. 44) is DENIED.

---

[19] *Martinez v. Potter*, 347 F.3d 1208, 1212 (10th Cir. 2003) (holding that "a request to amend may be denied where the new theory would [result in] prejudice").

[20] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[21] *Id.* (quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).

[22] *Davis ex rel. Lashonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648–49 (1999).

[23] *Id.* at 648.

Signed October 10, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge