THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RICHARD BUGG,<br><br>    Plaintiff,<br><br>v.<br><br>MINDY BENSON, et. al.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 4:22-cv-00062-DN<br><br>District Judge David Nuffer |

Plaintiff Richard Bugg filed an Objection[1] to Judge Kohler's Order[2] that denied his Motion to File a Fourth Amended Complaint. Defendants opposed Plaintiff's Motion for Leave to File Fourth Amended Complaint.[3] Plaintiff's Objection is OVERRULED, Judge Kohler's Decision is AFFMIRMED, and the Motion to Amend is DENIED.

## A.  BACKGROUND

Mr. Bugg, a tenured professor at Southern Utah University, was sanctioned four times by the University's Title IX office after he refused to use a non-binary student's preferred pronouns when addressing the student in class. On August 30, 2022, Bugg filed his original complaint that sought declaratory and injunctive relief.[4] Subsequently, he amended his complaint three times. On August 11, 2023, which was the deadline to amend pleadings, he filed a Motion for Leave to

---

[1] Plaintiff's Objections to Magistrate's Order Denying Motion for Leave to File Fourth Amended Complaint ("Objection"), docket no. 49, at 1-10, filed October 23, 2023.

[2] Memorandum Decision and Order Denying Plaintiff's Motion For Leave to File Fourth Amended Complaint ("Order"), docket no. 48, at 1-6, filed October 10, 2023.

[3] Defendants' Opposition Memorandum to Plaintiff's Motion For Leave to File 4th Amended Complaint ("Opposition"), docket no. 45, filed August 24, 2023.

[4] Complaint, docket no. 1, filed August 30, 2022.

File a Fourth Amended Complaint ("Motion") by adding two claims. Specifically, he sought to add claims for declaratory relief: (1) under the Free Speech clause of the First Amendment; and (2) that Title IX did not require or authorize the sanctions issued by the University's Title IX office against Plaintiff.[5]

Defendants argued that Bugg's Motion should be denied because: (1) the Motion is untimely; (2) Bugg repeatedly failed to cure deficiencies in his Complaint; (3) the Motion is unfairly prejudicial to Defendants, and (4) the Motion should be denied because the proposed amendment is futile.[6] On October 10, 2023, Judge Kohler entered an order that denied leave to file a Fourth Amended Complaint. The Order reasoned: (1) the Fourth Amended Complaint was unduly delayed because Bugg knew the facts upon which the new claims were based a year before the proposed amendment; (2) Defendants would be prejudiced by an amended complaint because it offers new legal theories and discovery is closed; and (3) Bugg's fifth cause of action would be futile because Title IX merely requires school administrators engage in disciplinary action in a manner that is not clearly unreasonable.[7]

On October 23, 2023, Bugg filed his Objection to Judge Kohler's Order.[8] He argued the Order: (1) erred in finding the Motion was untimely; (2) erred in finding that Defendants would be prejudiced in any way; (3) erred in finding that the amended Title IX claim would necessarily be futile; and (4) erred in denying leave to add portions of the Fourth Proposed Amended Complaint that Judge Kohler did not find futile.[9]

---

[5] Proposed Fourth Amended Complaint for Declaratory and Injunctive Relief ("Proposed Fourth Amended Complaint"), docket no. 44-1, at 14-16, 18-20.

[6] Opposition, docket no. 45, at 4-9.

[7] Order, at 3-6.

[8] Objection, at 1-10.

[9] Objection, at 4-9.

## B.  STANDARD OF REVIEW

When reviewing orders of the magistrate judge resolving non-dispositive pretrial matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[10] For orders resolving dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[11] There is some uncertainty among District Courts in the Tenth Circuit as to whether a denial of a motion for an amended complaint constitutes a dispositive or non-dispositive matter.[12] The Magistrate Judge's Order will be reviewed under the *de novo* standard applicable to dispositive matters because Plaintiff's Motion fails under both standards.

## C.  DISCUSSION

Under the Federal Rules of Civil Procedure the "court should freely give leave" to amend pleadings "when justice so requires."[13] "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given."[14] "Where the

---

[10] Fed. R. Civ. P. 72(a).

[11] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (stating that de novo review shall be made for dispositive rulings under subparagraph (B)).

[12] *Anastasion v. Credit Serv. of Logan, Inc.,* No. 2:08-CV-180 TS, 2011 WL 1376050, at *1 (D. Utah Apr. 12, 2011) (concluding the denial of a motion to amend a complaint is a non-dispositive matter); *Overhead Solutions v. A1 Garage Door Service*, No. 19-CV-01741-PAB-NYW, 2021 WL 3732764, at *3 (D. Colo. Aug. 24, 2021) (concluding the denial of a motion to amend a complaint is a dispositive matter).

[13] Fed. R. Civ. P. 15(a)(2).

[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted); *see also Frank v. U.S. W. Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fail[ed] to include them in the original complaint, the motion to amend is subject to denial."[15]

When reviewing an amendment for denial, the Tenth Circuit "focuses primarily on the reasons for the delay. [The Tenth Circuit] [has] held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay."[16] Additionally, it has said:

> Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.[17]

As to untimeliness, I previously wrote:

> Untimeliness in itself can be a sufficient reason to deny leave to amend, but only when the movant is unable to provide adequate explanation for the delay. Such explanation is required even when a motion for leave to amend is filed within the court's scheduling deadline. Thus, filing within the scheduling deadline is merely evidence that delay was not undue. Of more importance, and generally the determining factor, is the prejudice to the opposing party that will result if leave to amend is granted.[18]

### 1. Bugg's Motion was properly denied because it was not timely

"A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[19] The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to

---

[15] *Myers v. St. George Police Dep't*, No. 4:20-CV-00113-DN-PK, 2021 WL 4172930, at *2 (D. Utah Sept. 14, 2021).

[16] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[17] *Fed. Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir.1987).

[18] *Lauer v. Credit Collection Servs.*, No. 1:14-CV-00062-DN, 2015 WL 1623031, at *1 (D. Utah Apr. 13, 2015).

[19] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

withhold permission to amend."[20] In Bugg's Objection, he argues that the reason for his undue delay was:

> the significant constitutional issues in this case are in a rapidly evolving area of constitutional law where the rights of LGBTQ+ students and the Title IX obligations of public universities come up against the First Amendment rights of professors.[21]

However, Bugg did not cite to any case law to support his argument that the law governing his two new claims "rapidly evolved" between his Third Amended Complaint and the filing of his Proposed Fourth Amended Complaint.[22] Beyond his failure to demonstrate change in the law, he provides no factual justification for delay. Bugg's Proposed Fourth Amended Complaint establishes that he is relying on facts that were known by both parties when his initial Complaint was filed on August 30, 2022. For these reasons, Bugg's Motion is properly denied because it is not timely, and he does not have an adequate justification for his untimeliness.

### 2. Bugg's Motion for leave to file a Fourth Amended Complaint after the close of discovery would be prejudicial to Defendants

Bugg's Motion seeks to inject two new claims into this case after discovery has closed. Specifically, the proposed Second Cause of Action is an altered "Free Speech" claim that now asserts "private citizens" were restricting the Bugg's right to Free Speech.[23] Additionally, the proposed Fifth Cause of Action alleges that the sanctions against Bugg are "broader than are either necessitated or authorized by Title IX."[24] Bugg argues that Defendants will not be prejudiced in any way by the amendment since Defendants did not make any discovery requests

---

[20] *Id.* (internal quotation marks omitted).

[21] Objection, at 4.

[22] *Id.*

[23] Proposed Fourth Amended Complaint, at 14-16.

[24] *Id.* at 18-20.

5

throughout the entire case.[25] Defendants respond that Bugg seeks to bring two completely new claims and additional discovery will be required after discovery is closed.[26]

The Proposed Fourth Amended Complaint does contain at least one entirely new claim because the Third Amended Complaint does not have any claim that the sanctions against Bugg violated Title IX.[27] Defendants would be prejudiced by the Proposed Fourth Amended Complaint because they would have to start from scratch, *for the fourth time*, with these altered or new claims. Specifically, Defendants will have to: (1) research the relevant law for these new claims; (2) analyze whether these new claims require discovery requests; (3) re-review discovery materials for relevant information; and (4) file a *third* Answer. The Tenth Circuit has cautioned courts against "allowing plaintiffs to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal[.]"[28] In any of these cases, courts properly deny a motion to amend.[29] A review of the filings for this matter establish Bugg's proposed amendment would continue to make this complaint a moving target, and Defendants would be prejudiced if Bugg was permitted to amend. Therefore, the Motion is properly denied on this ground.

### 3. The issue regarding the futility of the proposed amendment is moot

Bugg's Motion is already being denied for untimeliness and unfair prejudice to Defendants. Therefore, the futility issue is moot because the relief Bugg seeks has already been denied on other grounds.

---

[25] Objection, at 5.

[26] Opposition, at 7-8.

[27] Third Amended Complaint, docket no. 42, p. 1-24, filed February 10, 2023.

[28] *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1190 (10th Cir. 2019) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

[29] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

## D.  ORDER

IT IS HEREBY ORDERED that Bugg's objection is OVERRULED, Judge Kohler's Decision is AFFMIRMED, and the Motion to Amend is DENIED.

Signed January 16, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge